UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES E. CURTIS,

                Plaintiff,

  v.

LEATHERS (FNU), WASHINGTON DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. C17-474 RAJ-BAT

**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND**

James E. Curtis, who is currently confined at the Washington State Penitentiary (WSP), files this 28 U.S.C. § 1983 prisoner civil rights complaint against Leathers, an employee at the Monroe Correctional Complex (MCC), and the Washington State Department of Corrections (DOC). The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). However, because plaintiff is proceeding *pro se*, he is granted leave to file an amended complaint or to show cause why his claim should not be dismissed by **April 28, 2017.**

## DISCUSSION

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See*

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).  In addition, the complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly,* 550 U.S. at 555-557.

Plaintiff has not provided a short and plain statement of his claims.  Instead, plaintiff has provided a 35 page complaint complaining of conduct that occurred over several years and involved numerous DOC employees who have not been named as defendants in this lawsuit.  In addition, much of the conduct appears to have occurred well before the three year statute of limitations for bringing a Section 1983 complaint.[1]

The main issue of plaintiff's complaint appears to be that on December 9, 2015, Defendant Leathers, who works in the mailroom at the MCC, issued a rejection notice for a mailing sent from DOC's Public Disclosure Unit to plaintiff.  The mailing contained 360 pages of records requested by plaintiff and which plaintiff maintains support his claim against various DOC employees for an ongoing "campaign of harassment" resulting in placement of feces and other substances in plaintiff's bedding and cell – apparently, a claim that plaintiff is not asserting against the named defendants.  Plaintiff alleges that Ms. Leathers unconstitutionally rejected his mail because it contained "victim information" but that this rejection was not based on any legitimate penological reason because the victim information had already been redacted by the

---

[1] The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action.  *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); RCW 4.16.080(2).

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 2

DOC Public Disclosure Unit.

Plaintiff also purports to sue the DOC as an agency subject to Washington's State Public Records Act for its bad faith refusal to produce all of the requested records and for conspiring with Defendant Leathers and other unnamed individuals at MCC to suppress the requested information. However, he alleges elsewhere that the DOC did in fact respond by sending him the 360 pages of records and that the record had already been redacted.

To the extent plaintiff seeks to sue the DOC for conspiracy or any other constitutional claim, the DOC is not a proper party to this case. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp*. 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). While a state may waive its Eleventh Amendment immunity by removing an action to federal court, *see e.g. Pittman v. Oregon, Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007), this is not a removal action.

Moreover, plaintiff's § 1983 claims against the State are improper because the State of Washington is not a "person" within the meaning of § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency). Neither is the Washington Department of Corrections a person within the meaning of § 1983. *Id.* In addition, there is no respondeat superior liability under § 1983. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978).

To the extent plaintiff seeks to hold the DOC liable under state law for violation of Washington's Public Records Act, he is directed to set forth a short, plain statement of his allegations to support such a claim. As previously noted, plaintiff alleges that the DOC's Public Disclosure Unit did provide him with the records requested and that it was Ms. Leathers who

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 3

wrongfully issued the mail rejection.

To the extent plaintiff intends to pursue this lawsuit against any individual, he must submit an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of his constitutional rights; and (5) what specific injury he suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Plaintiff must repeat the process described above for each person he names as a defendant. If he fails to affirmatively link the conduct of each named defendant with the specific injury suffered by him, the claim against that defendant will be dismissed for failure to state a claim. Plaintiff shall limit his amended complaint to **fifteen (15) pages.**

Similarly, if plaintiff names a supervisory official, he must allege facts describing how that official personally participated in the constitutional deprivation (and tell the Court the five things listed above), or allege facts describing how that official was aware of the similar widespread abuses, but with deliberate indifference to his constitutional rights, failed to take action to prevent further harm to him. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

## CONCLUSION

The Court **DECLINES** to serve the complaint which as discussed above is deficient. However, the Court again grants plaintiff permission to submit an amended complaint to attempt to cure the above-mentioned deficiencies by **April 28, 2017.** The amended complaint must carry the same case number as this one.

**If no amended complaint is timely filed, the Court will recommend that this matter**

**be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this 31st day of March, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 5