UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES EDWARD CURTIS,

              Plaintiff,

v.

LEATHERS (FNU), WASHINGTON DEPARTMENT OF CORRECTIONS,

              Defendants.

Case No. 17-474 RAJ-BAT

**REPORT AND RECOMMENDATION**

Defendant Washington Department of Corrections ("DOC") moves for dismissal of all claims against it pursuant to Fed. R. Civ. P. 12(b). Dkt. 15. Mr. Curtis did not file any papers in opposition to the motion. The Court recommends that Mr. Curtis's complaint be dismissed with prejudice as to the DOC based on Eleventh Amendment immunity.

**PLAINTIFF'S CLAIMS**

Mr. Curtis is an inmate under the custody of the DOC. He filed this 42 U.S.C. § 1983 action against one named Defendant, "Leathers (FNU)", and the DOC. Dkt. 7. Mr. Curtis alleges that Defendants Leathers wrongfully rejected his incoming prison mail. *Id.*, p. 5. His claims against the DOC arise out of the Washington State Public Records Act, RCW 42.56 et seq. *Id*. Mr. Curtis asserts that this Court has jurisdiction over the state action under 28 U.S.C. §1367(a). *Id.* at 6.

The DOC waived service on June 5, 2017. Dkt. 11. Defendant "Leathers (FNU)" has not

REPORT AND RECOMMENDATION - 1

been served in this matter. Counsel for the DOC advised that "Leathers (FNU)" is not a current Washington state employee, and that she moved out of state and may have changed her name. Dkt. 14. On July 17, 2017, based on information provided by the DOC to the Court under seal, the Court directed service of the summons and complaint on Jaclyn Jorgenson. Dkt. 19. On July 31, 2017, the Court's mail to Defendant Leathers, a/k/a Jaclyn Jorgenson was returned by the United States Post Office marked "Mail Returned as Undeliverable, Return to Sender, Attempted – Not Known Unable to Forward." Dkt. 20. Under separate order, Mr. Curtis has been ordered to show cause why his claims against Defendant Leathers should not be dismissed without prejudice.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000). *See also*, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir.2004), *citing Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

REPORT AND RECOMMENDATION - 2

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons is a state agency entitled to Eleventh Amendment immunity).

The State of Washington has not waived its Eleventh Amendment immunity to suit. *See e.g.*, *Rains v. State*, 100 Wn.2d 660, 666, 674 P.2d 165 (1983) (state has not waived its immunity from suits brought under 42 U.S.C. § 1983) (citing *Peters v. Lieuallen*, 693 F.2d 966, 970 (9th Cir. 1982)); *Edgar v. State*, 92 Wn.2d 217, 221, 595 P.2d 534 (1979), *cert. denied*, 444 U.S. 1077. The DOC is an agency of the State of Washington and has not waived its Eleventh Amendment immunity. It is therefore presumptively immune from suit in federal court under the Eleventh Amendment.

Mr. Curtis relies on 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over claims for which the district court does not have original jurisdiction but "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts have consistently held that this statute does not abrogate the State's Eleventh Amendment immunity. *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 541-42 (2002) ("[W]e cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting States, even though nothing in the statute expressly excludes such claims."). *See also Stanley v. Trustees of*

REPORT AND RECOMMENDATION - 3

*California State University*, 433 F.3d 1129, 1133-34 (9th Cir. 2006) ("Thus, we hold that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims"), *and see Blatchford v. Native Village of Noatak*, 501 U.S. 775 (1991) (broad grant of jurisdiction over all civil actions in 28 U.S.C. § 1362 does not abrogate state's Eleventh Amendment immunity).

The DOC contests that the facts are part of the same case and controversy sufficient to warrant supplemental jurisdiction. Further, it argues that even if the facts were part of the same case and controversy, this claimed basis for jurisdiction is procedurally deficient because there is only one claim asserted against the State and thus, it is not a "supplemental" claim. The Court agrees. Mr. Curtis's claim to supplemental jurisdiction under 28 U.S.C. § 1367(a) does not override the State's Eleventh Amendment immunity and therefore, his claims against the DOC should be dismissed and this matter re-referred to the undersigned for further proceedings.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **Tuesday, August 22, 2017.** The Clerk should note the matter for **Thursday, August 24, 2017,** as ready for the District Judge's consideration if no objection is filed.

If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed

12 pages.  The failure to timely object may affect the right to appeal.

DATED this  3rd  day of August, 2017.

                                                             BRIAN A. TSUCHIDA
                                                            United States Magistrate Judge

REPORT AND RECOMMENDATION - 5