UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES E. CURTIS,

                Plaintiff,

   v.

LEATHERS (FNU), WASHINGTON DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. C17-474 RAJ-BAT

**ORDER TO SHOW CAUSE RE: SERVICE OF DEFENDANT**

Mr. Curtis is an inmate under the custody of the DOC. He filed this 42 U.S.C. § 1983 action against one named Defendant, "Leathers (FNU)", and the DOC[1]. Dkt. 7. Mr. Curtis alleges that Defendants Leathers wrongfully rejected his incoming prison mail. *Id.*, p. 5.

The DOC waived service on June 5, 2017. Dkt. 11. Under the "Prisoner E-Filing Initiative: Consent to Receive Electronic Notice and Authorizing Delivery of Service Documents Via E-Mail" agreement between the Attorney General's Office and the Court, defense counsel notified the Court that "Leathers (FNU)" is not a current Washington state employee. Dkt. 9. Mr. Curtis sought pre-service discovery to obtain the full name and address of Defendant "Leathers (FNU)." Dkt. 12. That motion was denied because, according to counsel for the DOC, Ms. Leathers had moved out of state and may have changed her name. Dkt. 17. The DOC provided her new name and last known address to the Court under seal.

---

[1] Under separate Report and Recommendation, the Court is recommending that Mr. Curtis's claims against the DOC be dismissed with prejudice as the State of Washington has not waived its Eleventh Amendment immunity.

ORDER TO SHOW CAUSE RE: SERVICE - 1

On July 17, 2017, based on information provided by the DOC to the Court under seal, the Court directed service of the summons and complaint on Jaclyn Jorgenson. Dkt. 19. On July 31, 2017, the Court's mail to Defendant Leathers, a/k/a Jaclyn Jorgenson was returned by the United States Post Office marked "Mail Returned as Undeliverable, Return to Sender, Attempted – Not Known Unable to Forward." Dkt. 20.

**DISCUSSION**

"'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'" *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir.2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986)). Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Neither the Court nor Defendant DOC have further information regarding the whereabouts of Defendant Leathers. This Court cannot exercise jurisdiction over a defendant who has not been served. Accordingly, Mr. Curtis is **ORDERED** to show good cause why his claims against Defendant Leathers (FNU), a/k/a Jaclyn Jorgenson should not be dismissed without prejudice. Mr. Curtis shall file his response to this Order **by August 31, 2017.**

DATED this 3rd day of August, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER TO SHOW CAUSE RE: SERVICE - 2