UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>                    Plaintiff,<br><br>    v.<br><br>LEATHERS (FNU), et al.,<br><br>                    Defendants. | Case No. C17-474 RAJ-BAT<br><br>**ORDER DIRECTING PERSONAL SERVICE BY UNITED STATES MARSHAL** |

Mr. Curtis is proceeding *pro se* and *in forma pauperis* in this federal civil rights action. On October 10, 2017, Mr. Curtis filed a motion for a court order to direct the U.S. Marshal to attempt personal service on Defendant Leathers (aka Jaclyn Jorgenson) at: 8215 69th St. N.E., Marysville, WA 98270. Dkt. 32. The Court **GRANTS** the motion **ORDERS** as follows:

**1.**     <u>**Service by United States Marshal**</u>

The United States Marshal shall personally serve Defendant Jaclyn Jorgenson by delivering copies of the summons and complaint, and copies of this Order, to Jaclyn Jorgenson at:

                            8215 69th St. N.E.
                            Marysville, WA 98270

The Clerk shall issue summons and assemble the necessary documents to affect this personal service.

ORDER DIRECTING PERSONAL SERVICE
BY UNITED STATES MARSHAL - 1

## 2. <u>Response Required</u>

Defendant Leathers (aka Jaclyn Jorgenson) has **21 days** within which to file and serve an answer to the complaint or a motion permitted under Federal Rule of Civil Procedure 12.

Because plaintiff is a pro se prisoner, **defendant MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely, and adequate notice of what is required of them in order to oppose those motions.** *Woods v. Carey*, 684 F.3d 935 (9th Cir. 2012). **If defendant does not file and serve, in a separate document, the required *Rand* notice, the Court will strike the motion with leave to refile.**

The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (emphasis added).

/

/

ORDER DIRECTING PERSONAL SERVICE
BY UNITED STATES MARSHAL - 2

### 3. Filing and Service by Parties Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Magistrate Judge to whom the document is directed.

When an electronic filing exceeds 50 pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) must be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers." A party filing a paper original does not need to file a chambers copy.

Additionally, any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in this case.

### 4. Motions

Regarding the filing of motions before the Court, the parties are directed to review Local Civil Rule ("LCR") 7 in its entirety. A few important points are highlighted below:

Any request for court action must be set forth in a motion, properly filed and served. Any argument being offered in support of a motion must be submitted as a part of the motion itself and not in a separate document. LCR 7(b).

**The motion must include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar. In all instances where one of the parties to the lawsuit is incarcerated, all categories of motions not listed in LCR 7(d)(1) must be noted for either the third or fourth Friday after the date of filing and service, as explained in LCR 7(d)(3)**. *See* LCR 7(d)(7).

All dispositive motions must be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

**5.     No Direct Communication with District Judge or Magistrate Judge**

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. **All relevant information and papers are to be directed to the Clerk.**

6.     The Clerk is direct to send a copy of this Order to plaintiff, counsel for defendant, and the Honorable Richard A. Jones.

DATED this 11th day of October, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge