UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEATHERS (FNU), WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendants. | Case No. 17-474 RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Mr. Curtis is an inmate under the custody of the Department of Corrections ("DOC"). He filed this 42 U.S.C. § 1983 action against Defendant "Leathers (FNU)" and the DOC alleging that Defendant Leathers wrongfully rejected his incoming prison mail. Dkt. 7. On September 7, 2017, all claims against the DOC were dismissed with prejudice (Dkt. 29), leaving Defendant Leathers as the sole defendant. The undersigned recommends that Mr. Curtis's claims against Defendant Leathers be dismissed without prejudice because she has not been served in accordance with Fed. R. Civ. P. 4.

## BACKGROUND

The DOC waived service on June 5, 2017. Dkt. 11. Under the "Prisoner E-Filing Initiative: Consent to Receive Electronic Notice and Authorizing Delivery of Service Documents Via E-Mail" agreement between the Attorney General's Office and the Court, defense counsel notified the Court that "Leathers (FNU)" is not a current Washington state employee. Dkt. 9.

REPORT AND RECOMMENDATION - 1

1   On June 8, 2017, Mr. Curtis sought pre-service discovery to obtain the full name and address of

2   Defendant "Leathers (FNU)." Dkt. 12. Counsel for the DOC advised that Ms. Leathers had

3   moved out of state and may have changed her name. The DOC offered to provide the address in

4   its possession for Ms. Leathers, even though it believed the address was likely not current. Dkt.

5   14. In light of this information, the Court denied plaintiff's request to engage in pre-service

6   discovery and directed the DOC to provide Ms. Leathers' new name and last known address

7   under seal. Dkt. 17.

8        On July 17, 2017, based on information provided by the DOC to the Court under seal

9   (Dkt. 18), the Court directed service of the summons and amended complaint on Defendant

10  Leathers, a/k/a Jaclyn Jorgenson. Dkt. 19. On July 31, 2017, that mailing was returned by the

11  United States Post Office marked "Mail Returned as Undeliverable, Return to Sender, Attempted

12  – Not Known Unable to Forward." Dkt. 20.

13       On August 3, 2017, the Court directed plaintiff to show good cause, by August 31, 2017,

14  why his claims against Defendant Leathers (FNU), a/k/a Jaclyn Jorgenson should not be

15  dismissed without prejudice. Dkt. 22. On August 28, 2017, plaintiff filed a motion for extension

16  of time to effect service. Dkt. 23. The Court granted the extension and directed counsel for the

17  DOC to indicate whether counsel would accept service on behalf of Ms. Leathers, a/k/a

18  Jorgenson, or whether Mr. Curtis should attempt to effect personal service. Dkt. 24. In light of

19  its unsuccessful efforts to locate Defendant Leathers and her unavailability, Defendant's counsel

20  declined to accept service or act on Ms. Leathers' behalf in any capacity. Dkt. 25 at 2.

21  Defendant also opposed further extensions of time for service because the address allegedly

22  obtained by plaintiff was the same address where service had been unsuccessful.

23

REPORT AND RECOMMENDATION - 2

On September 5, 2017, finding it premature to conclude that attempts to effect personal service was futile, the Court ordered granted plaintiff an extension to effect personal service no later than September 26, 2017.  Dkt. 26.  On September 7, 2017, plaintiff filed a motion for reconsideration, requesting additional time to effect service.  Dkt. 28.  That motion was also granted and plaintiff was given a new deadline of October 19, 2017.  Dkt. 30.

On October 10, 2017, plaintiff filed a motion for a court order to direct the U.S. Marshal to attempt personal service on Defendant Leathers, a/k/a Jaclyn Jorgenson.  Dkt. 32.  On October 11, 2017, the Court directed personal service by the U.S. Marshal.  Dkt. 33.  On December 8, 2017, the U.S. Marshal returned the summons unexecuted, noting "spoke w/homeowner – subject doesn't live there."  Dkt. 34.

**DISCUSSION**

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am.v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009).  When a pro se plaintiff fails to provide the court with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff has been given more than ample time to provide accurate and sufficient information to effect service of the summons and amended complaint on Defendant Leathers and

REPORT AND RECOMMENDATION - 3

he has been warned that the failure to timely serve this individual would result in dismissal without prejudice of his claims against her. *See, e.g.,* Dkt. 22. The Court enlisted the aid of the DOC to effect service on plaintiff's behalf and the DOC and counsel made efforts to locate Defendant Leathers, all without success. Notwithstanding these unsuccessful attempts, the Court granted plaintiff even more time to effect service and expended further Court resources by enlisting the U.S. Marshal to attempt personal service of Defendant Leathers at her only known address. As all efforts to locate and serve Defendant Leather a/k/a Jorgenson have failed, it is appropriate for the Court to dismiss her as an unserved defendant.

It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("Pagtalunan factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). The undersigned finds that dismissal of plaintiff's claims against Defendant Leathers a/k/a Jorgenson is appropriate.

First, the public's interest in expeditious resolution of this litigation and second, interference with the Court's ability to manage its docket, both weigh in favor of dismissal. This case has been pending since March 2017 (when plaintiff originally named Defendant Leathers), and multiple efforts over the past nine months to obtain information necessary to serve her have been unsuccessful (and possibly futile). The third factor, risk of prejudice to Defendant Leathers, does not clearly weigh in favor of in opposition to dismissal at this stage of the

REPORT AND RECOMMENDATION - 4

litigation. However, the fourth factor does. Less drastic sanctions are not appropriate as the Court has already issued orders directing plaintiff to provide a viable service address, directing the DOC to provide information, and directing the U.S. Marshal to attempt personal service. The Court finds it would be futile to recommend a lesser sanction because it is clear that no further action will compel the parties to provide the information needed to prosecute this action against Defendant Leathers. And finally, although public policy generally favors disposition on the merits, the balance of the factors, including the time, energy, and resources expended to date, weigh in favor of dismissal and the facts indicate that disposition on the merits against a person who cannot be found is an impossibility.

Based on the foregoing, the undersigned recommends dismissal of plaintiff's claims against Defendant Leathers a/k/a Jorgenson without prejudice. As this is the last remaining defendant, it is also appropriate for the Court to enter a final judgment and to close this case.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **Wednesday, January 3, 2018.** The Clerk should note the matter for **Friday, January 5, 2018,** as ready for the District Judge's consideration if no objection is filed.

If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed

REPORT AND RECOMMENDATION - 5

1  12 pages. The failure to timely object may affect the right to appeal.

2  DATED this 13th day of December, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6